# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRANDON PITCHFORD,<br><br>        Plaintiff,<br><br>v.<br><br>STATE OF IDAHO,<br><br>        Defendant. | Case No. 1:24-cv-00439-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Brandon Pitchford was a prisoner in the custody of the Idaho Department of Correction at the time he filed the Complaint in this action.[1] *See Compl.*, Dkt. 1, at 1 (noting Plaintiff's address as the Idaho State Correctional Institution). The Clerk of Court conditionally filed the Complaint because of Plaintiff's status as an inmate at that time and because of Plaintiff's in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed.

Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary

---

[1] Plaintiff's initial pleading is entitled, "conflict of interest: failer to do proper procedur/cover up." Dkt. 1 (verbatim). Because the pleading appears to seek redress against the State of Idaho, the Court construes the document as a civil complaint under 42 U.S.C. § 1983, the civil rights statute.

relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B) and 1915A(b). Having reviewed the record, the Court enters the

following Order dismissing this case without prejudice.

## 1.    Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to

state a claim for relief under Rule 8 if the factual assertions in the complaint, taken

as true, are insufficient for the reviewing court plausibly "to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter

(taken as true) to suggest" that the defendant committed the unlawful act, meaning

that sufficient facts are pled "to raise a reasonable expectation that discovery will

reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556

(2007).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation

of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting

*Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case

should be dismissed for a failure to plead sufficient facts to support a cognizable

legal theory or for the absence of a cognizable legal theory. The critical inquiry is

whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Moreover, even if a complaint meets the pleading requirements, dismissal under §§ 1915 and 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

**2.    Discussion**

Plaintiff complains that a judge in Plaintiff's civil and criminal cases in Idaho state court suffered from a conflict of interest and that other judges did not grant Plaintiff relief. *See generally Compl.*, Dkt. 1. Plaintiff sues the State of Idaho and seeks damages and injunctive relief. *Id*. at 5–7.

To state a plausible claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Under the Eleventh Amendment, states are immune from suit in federal court absent a waiver of sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16–

INITIAL REVIEW ORDER BY SCREENING JUDGE - 3

18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Section 1983 does not waive state sovereign immunity, *Quern v. Jordan*, 440 U.S.

332, 342–44 (1979), and Idaho itself has not waived sovereign immunity for

constitutional claims, *Esquibel v. Idaho*, No. 1:11-cv-00606-BLW, 2012 WL

1410105, at *6 (D. Idaho Apr. 23, 2012). Because the only named Defendant in

this case—the State of Idaho—is immune from suit in this Court, the Complaint

fails to state a claim upon which relief may be granted.

## 3.    Opportunity to Amend

The Court now considers whether to allow Plaintiff an opportunity to amend

the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal

Rules of Civil Procedure. That rule states the Court "should freely give leave when

justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the

reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment
> of pleadings, a court must be guided by the underlying
> purpose of Rule 15—to facilitate decision on the merits
> rather than on the pleadings or technicalities. This court
> has noted on several occasions that the Supreme Court
> has instructed the lower federal courts to heed carefully
> the command of Rule 15(a) ... by freely granting leave to
> amend when justice so requires. Thus Rule 15's policy of
> favoring amendments to pleadings should be applied with
> extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations,

quotation marks, and alterations omitted). "In the absence of any apparent or

declared reason—such as undue delay, bad faith or dilatory motive on the part of

the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.," it is appropriate for a court to grant leave

to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se

plaintiffs, who generally lack legal training. Courts must liberally construe civil

rights actions filed by pro se litigants so as not to close the courthouse doors to

those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant

bringing a civil rights suit must have an opportunity to amend the complaint to

overcome deficiencies unless it is clear that those deficiencies cannot be overcome

by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis

of whether a plaintiff should be allowed an opportunity to amend, futility alone can

justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th

Cir. 2004).

The Court concludes that amendment in this case would be futile. It is clear

from the face of the Complaint that the only named Defendant is entitled to

Eleventh Amendment immunity. Accordingly, the Court will dismiss the

Complaint without leave to amend.

## ORDER

**IT IS ORDERED:**

1.  Plaintiff's Complaint is DISMISSED without prejudice, and without leave to amend, for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1). This dismissal does not prohibit Plaintiff from asserting his claims in Idaho state court.

2.  Because the Complaint fails to state a claim upon which relief may be granted, Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 3) is DENIED. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED: February 11, 2025

B. Lynn Winmill
U.S. District Court Judge